[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12903
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-02033-IPJ

KIRBY LANDRY,

Plaintiff-Appellant,

versus

LINCARE, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(August 28, 2014)

Before PRYOR, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Kirby Landry, an African-American male, appeals the district judge's order granting summary judgment to his former employer, Lincare, Inc. ("Lincare"), on his race and color discrimination claims. We affirm.

## I. BACKGROUND

Lincare is a respiratory company that provides respiratory care, oxygen, oxygen delivery equipment, infusion therapy, and medical equipment. In October 2010, Landry was hired by Lincare as a service representative for its Huntsville Center. At approximately the same time, Lincare hired Cory Sircy, a Caucasian male, as a service representative. In June 2011, Landry's immediate supervisor was Amber Burns, a Caucasian female and the center manager.

As a service representative, Landry delivered oxygen and other equipment to individual customers. He would deliver a new tank of oxygen and retrieve the old tank. His job required him to work evenings and weekends on a scheduled basis. On weekends, an on-call service would answer patients' calls and forward the messages to the on-call worker. The on-call worker then called the patient.

For the weekend of June 25, 2011, Landry was on-call. Landry received a call through the on-call service that he needed to contact a particular patient. He returned the call and learned the patient wanted a portable oxygen tank. Landry inquired as to whether the patient had a sufficient supply of liquid oxygen, and the patient responded he did. Landry told the patient he would request a portable

2

liquid oxygen tank when he returned to the office, because those tanks were in scarce supply. Because the request was not an emergency,[1] Landry told the patient he would handle it during normal business hours.

Later that day, the same patient called the call-in line and reported he still needed a portable oxygen tank, but also needed a big oxygen tank. The call-center service records reflect Landry stated he never spoke with that patient. Landry represents he never said he did not speak to this patient and further asserts the call center records are not accurate. Landry delivered the oxygen the following Monday, and he refilled the patient's large liquid oxygen tank at the same time.

According to Burns, the patient reported he had called twice because he was out of oxygen; when Landry did return his call on Sunday, the patient told him he needed the delivery by 6 p.m. Although the patient was waiting until 6:30 p.m., Landry failed to make the delivery. Based on information before her, Burns believed Landry had failed to deliver oxygen in an emergency situation. She also heard from another patient that Landry's delivery the previous Friday was made very late, after his service representative failed to contact him to see if he needed oxygen. Burns also

---

[1] In an unsworn affidavit to the Equal Employment Opportunity Commission, the patient asserted he was not in danger of running out of oxygen.

3

had been unable to reach Landry the following Thursday, June 30,[2] and heard from his coworkers that he had his route covered so he could leave early for the July 4th weekend. On July 6, 2011, Burns terminated Landry for failing to respond to calls during service hours, passing his work off to other employees, and failing to respond to a patient while on-call.

In May 2012, Landry sued Lincare for race and color discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a), and 42 U.S.C. § 1981. He also brought claims under Alabama law for Lincare's negligent hiring, training, supervision, and retention of Burns. Landry alleged, throughout his employment, Lincare treated Sircy better. For example, Sircy was allowed to work without wearing his uniform, in violation of company policy, and Sircy missed work frequently without repercussion. Landry further alleged, on one occasion, Sircy failed to deliver an oxygen tank to a customer, as required, but was not disciplined. Landry also alleged he performed his own job without fail. He reported to work in uniform, on time, and did not violate any work rules or receive any write-ups. Landry claimed the purported incident of his not servicing a patient

---

[2] Landry testified he had received a call from Lincare on Thursday, June 30, but the battery for his cell phone had died, and he could not answer the call. His phone was dead from approximately 4:21 p.m. to 5:04 p.m. When he realized his phone needed to be charged, he stopped at a tax business and borrowed its phone charger for about ten minutes. Landry attempted to return Lincare's call, but no one answered, because it was after 5:00 p.m. Landry called several other drivers to find out why Lincare had called, but they did not know. Landry assumed it was not important.

was pretext to terminate him because of his race, as evidenced by Lincare's refusal to terminate Sircy for similar misconduct.

Following discovery, Lincare moved for summary judgment and argued Landry had failed to establish a prima facie case of race discrimination or a discriminatory motive by Lincare or Burns. The district judge granted Lincare's motion. The judge noted, because Landry had briefed only his race discrimination claims in his opposition to summary judgment, he had abandoned his other claims. The judge found Landry had failed to establish a prima facie case of race discrimination, because he presented no evidence demonstrating Lincare had treated a similarly situated employee outside of his protected class, Sircy, more favorably. Burns had no knowledge of Sircy's purported refusal to deliver an oxygen tank to a customer; accordingly, Sircy's actions were irrelevant.

The district judge also found, even if Landry could show a similarly situated comparator was treated differently, he could not show Lincare's reasons for doing so were pretextual or discriminatory. The evidence demonstrated Burns reasonably believed Landry had not returned a patient's telephone call over a weekend when Landry was on call and had not delivered requested equipment to that patient. In addition, the judge found Landry had failed to offer any evidence to support a factual inference that Burns more likely than not acted with a discriminatory motive.

5

## II. DISCUSSION

On appeal, Landry argues the district judge erred in determining he did not prove a prima facie case of race discrimination, because the judge ignored evidence in the record and weighed the evidence improperly.  Landry further argues the district judge erred by finding Lincare's proffered reasons for his termination were not pretext for race discrimination.[3]

We review a district judge's granting summary judgment de novo and view all evidence and draw all reasonable inferences in favor of the nonmoving party. *Chapter 7 Tr. v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1254 (11th Cir. 2012). Summary judgment is proper only "when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *Id.* (quoting Fed. R. Civ. P. 56(a)).  Presenting mere conclusions and unsupported factual allegations will not defeat a summary judgment motion.  *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam).

Under Title VII, it is unlawful for an employer to discharge any individual or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of his race.

---

[3] Landry also argues he provided sufficient evidence to survive summary judgment on his state law claims of negligent hiring, training, supervision, and retention.  Because he did not brief those claims on summary judgment, they are deemed abandoned.  *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (holding grounds alleged in the complaint but not relied upon in summary judgment are abandoned).

42 U.S.C. § 2000e-2(a)(1).  Intentional discrimination claims brought under § 1981 are analyzed under the same framework used in Title VII discriminatory treatment cases.  *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1325 n.14 (2011).

When reviewing discrimination claims supported by circumstantial evidence, we employ the three-step, burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05, 93 S. Ct. 1817, 1824-26 (1973).  *Burke-Fowler v. Orange Cnty., Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006).  Under this analysis, a plaintiff must first establish a prima facie case of discrimination.  *McDonnell Douglas*, 411 U.S. at 802, 93 S. Ct. at 1824.  To establish a prima facie case for disparate treatment in a race-discrimination case, the plaintiff must show (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; (3) his employer treated similarly situated employees outside of his protected class more favorably than he was treated; and (4) he was qualified to do the job.  *Burke-Fowler*, 447 F.3d at 1323.  There is no dispute Landry meets the first, second, and fourth parts of his prima facie case.  Only the third part is at issue.

To determine whether employees are similarly situated, we evaluate "whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways."  *Id.* (citation and internal quotation marks omitted).  Even if a similarly situated comparator exists, the comparator's actions

7

are relevant only if the plaintiff shows that the decisionmaker knew of the comparator's prior similar acts and did not discipline the comparator. *See Jones v. Gerwens*, 874 F.2d 1534, 1542 (11th Cir. 1989) (holding the plaintiff had failed to establish a prima facie case of disparate treatment, when he could not show his discipliners knew about and consciously overlooked prior rule violations by comparators). Knowledge of a prior act cannot be imputed on a decision maker, because "[d]iscrimination is about actual knowledge, and real intent, not constructive knowledge and assumed intent." *Silvera v. Orange Cnty. Sch. Bd.*, 244 F.3d 1253, 1262 (11th Cir. 2001).

If the plaintiff can present a prima facie case of race discrimination, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Burke-Fowler*, 447 F.3d at 1323. If the employer does so, the burden shifts back to the plaintiff, who must show the articulated reason is pretext for unlawful discrimination. *Id.*

A reason cannot be "a pretext *for discrimination* unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515, 113 S. Ct. 2742, 2752 (1993) (internal quotation marks omitted) (emphasis in original). Where the defendant offers the plaintiff's violation of a work rule as its reason for the termination, the reason "is arguably pretextual when a plaintiff submits evidence (1) that [he] did not violate

the cited work rule, or (2) that if [he] did violate the rule, other employees outside the protected class, who engaged in similar acts, were not similarly treated." *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1363 (11th Cir. 1999). This framework does not vitiate a plaintiff's ultimate burden to prove that his employer terminated him based on a discriminatory motive. *Id.* at 1363 n.3. "An employer who fires an employee under the mistaken but honest impression that the employee violated a work rule is not liable for discriminatory conduct." *Id.*

Landry has not established a prima facie case of race discrimination, because he has failed to demonstrate Lincare or Burns treated Sircy more favorably, when they did not terminate Sircy for his refusal to deliver oxygen to a patient. *Burke-Fowler*, 447 F.3d at 1323. Sircy's failure to deliver oxygen is irrelevant, because the record evidence shows Burns was not aware of Sircy's misconduct of refusing to deliver oxygen. *Jones*, 874 F.2d at 1542 (recognizing a comparator's actions are relevant only if the plaintiff shows the decisionmaker knew the comparator's prior similar acts). Burns stated in her sworn affidavit that no one had reported Sircy's refusal to deliver oxygen to her; at the time she fired Landry, she was unaware of Sircy's purported similar misconduct. Although two of Landry's former coworkers stated in their respective declarations there was a "general" discussion in the office about Sircy's failure to deliver oxygen, and Burns had overhead one

of these discussions and had offered an excuse for Sircy's conduct, neither coworker stated she personally heard Burns give the excuse. In addition, it appears neither coworker participated in the conversations Burns purportedly overheard. Knowledge of a comparator's prior act cannot be imputed to a decisionmaker. *Silvera*, 244 F.3d at 1262. In addition, Landry testified he did not report Sircy's refusal to deliver oxygen to Burns. Because Landry has provided no evidence demonstrating Burns was aware of, and consciously overlooked, Sircy's refusal to deliver oxygen, he has failed to establish a prima facie case of race discrimination based on comparator evidence.

Furthermore, Landry has failed to demonstrate, in the absence of comparator evidence, Burns had a discriminatory motive. *St. Mary's Honor Ctr.*, 509 U.S. at 515, 113 S. Ct. at 2752; *Damon*, 196 F.3d at 1363 n.3. Landry procured affidavits stating "the overall feel at the Huntsville location was Amber Burns targeted the African American employees." ROA at 373. Such general allegations are insufficient to survive summary judgment. *Ellis*, 432 F.3d at 1326. Burns hired an African-American male as a service representative shortly after becoming the center manager, and the evidence shows she disciplined both white and black employees similarly for comparable conduct. Therefore, Landry has failed to establish a prima facie case of race discrimination.

Even assuming Landry has established a prima facie case of race discrimination, Lincare has provided legitimate, nondiscriminatory reasons for terminating Landry, and Landry has failed to prove that Lincare's purported reasons were pretext for discrimination.  Lincare's stated reasons for Landry's termination include (1) Landry's failure to respond to requests to service its patients, especially after normal business hours; and (2) his failure to respond to Burns during normal work hours.

To rebut Lincare's purported reasons for his termination, Landry denies he violated the cited work rules; even if he did, another employee outside the protected class, Sircy, broke the same rules and was not terminated.  *See Damon*, 196 F.3d at 1363.  Landry's argument lacks merit.  Regarding Lincare's assertion that Landry had failed to respond to Burns during normal working hours, Landry admitted he had missed a phone call from work while he was at a tax preparer's office during normal business hours waiting for his cell phone to charge.  The evidence also shows he never contacted Burns to explain why he had missed her call.  Thus, Burns had an honest belief that Landry had violated a work rule, which subjected him to termination.  *See id.* at 1363 n.3 (recognizing an employer is not liable for discrimination if he fires an employee under a mistaken but honest impression that the employee had violated a work rule).

11

Concerning Landry's failure to deliver oxygen to a patient after regular business hours, the evidence demonstrates, even if Landry's version of the events is correct, Burns nevertheless had an honest impression that Landry had violated a work rule. *See id.* A patient personally called Burns to complain about Landry's failure to return a phone call and to deliver oxygen to the patient during a weekend in which Landry was on call. In addition, Lincare's communication logs show Landry initially did not call the patient. Significantly, Landry has not demonstrated Burns knew about Sircy's violation of the same work rule and treated Sircy differently.

Because Landry has not presented sufficient evidence to establish pretext for discrimination, the district judge properly granted summary judgment to Lincare.

**AFFIRMED.**